UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUDITH A. STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:08-cv-810- SEB-JMS |
| vs. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER OF MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY RULING**
(Docket Nos. 47 & 46)

On July 17, 2009, Defendant filed a Motion for Summary Judgment. Pursuant to Local Rule 56.1 and Fed. R. Civ. P. 6(d), Plaintiff's response was due on or before August 19, 2009, but Plaintiff moved for an additional thirty-seven (37) days, through and including September 25, 2009, to file it. The Magistrate Judge granted Plaintiff's motion in part, permitting Plaintiff an additional thirteen (13) days, through and including September 1, 2009. [Docket No. 42.] In denying Plaintiff the full extent of the time requested, the Magistrate Judge explained:

> The parties' prior agreed extensions have already compressed the time for ruling prior to trial. The Court must be permitted adequate time to thoroughly and thoughtfully review the motion once fully briefed.

Notwithstanding that ruling, on August 29, 2009, Plaintiff moved for another eight (8) days to file her response, through and including September 9, 2009. On August 31, 2009, the Magistrate Judge denied Plaintiff's request for that additional time, citing the numerous delays in the case attributable to Plaintiff and her counsel and reiterating the Court's need for adequate time to

1

consider and rule on Defendant's summary judgment motion prior to trial. [Docket No. 45.]

Although Plaintiff's response remained due on or before September 1, 2009, Plaintiff did not file her response by that date, and on September 2, 2009, Defendant moved the Court, pursuant to Local Rule 7.1(b), for a summary ruling on its dispositive motion. [Docket No. 46.]

Eight (8) days later, on September 10, 2009, Plaintiff filed an Objection to the Magistrate Judge's denial of her motion for additional time through and including September 9, 2009. [Docket No. 47.] In her Objection, Plaintiff asks the Court to: (a) overturn the Magistrate Judge's August 31, 2009, ruling denying her the additional eight (8) days requested; and (b) grant her at least seven (7) days from the date the Court rules on her Objection to finally get her response on file. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court is to consider Plaintiff's Objection and modify or set aside any portion of the Magistrate Judge's ruling found to be clearly erroneous or contrary to law.

The Court has reviewed the Magistrate Judge's August 31, 2009, ruling and finds that nothing about it is clearly erroneous or contrary to law. The procedural history of this case, as accurately and succinctly recounted in both the Magistrate Judge's ruling and in Defendant's response to Plaintiff's Objection at Docket No. 49, establishes a clear pattern of undue delay on the part of Plaintiff and her counsel. Plaintiff complains that the Magistrate Judge unfairly attributed the case delays to her because Defendant also sought and was granted several extensions of time, but the Court is not persuaded. The extensions of time granted to Defendant do not alter the fact that the *undue* delays in this case were, and are, attributable to Plaintiff and her counsel. And, while Plaintiff argues that the facts of this case can be distinguished from the facts of the cases cited in the Magistrate Judge's ruling, the facts of those other cases were not discussed by the Magistrate Judge

and are, in any event, irrelevant. It was not the facts of those other cases upon which the Magistrate Judge relied, but the legal principles referenced therein – i.e., (a) that litigants must abide by the rules of the court and cannot decide for themselves when they feel like pressing their claims forward and when they feel like taking a break; and (b) that judges must control their court calendars and manage their dockets fairly to all of the litigants before them. Those legal principles are so clearly established that it in no way can be said that the Magistrate Judge's invocation of those principles was somehow contrary to law.

Having decided that nothing about the Magistrate Judge's ruling is or was clearly erroneous or contrary to law, this Court must now decide whether to grant Plaintiff's request for *yet another extension of time* of seven (7) days from the date of this ruling to file her response. A reasonable litigant in Plaintiff's position, having been denied the additional eight (8) days requested through and including September 9, 2009, might have acted *post haste* to finalize her response and moved the Court, on or before September 9, 2009, for leave to file it, attaching the proposed response as an exhibit to the motion. Had the Court received such a Motion for Leave to File on or before September 9, 2009, it would likely have been inclined to grant it and accept the belated brief. However, in the ten (10) days that followed the Magistrate Judge's August 31, 2009, ruling, Plaintiff and her counsel did not finalize their response. Instead, they concentrated their efforts on preparing and filing an Objection calculated to obtain *even more time*! This does not strike the Court as reasonable, and under the circumstances here, where Plaintiff and her counsel have already unduly delayed this cause, the Court will not allow the review provisions of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) to be manipulated by Plaintiff to effect a stay of the summary judgment briefing schedule pending the Court's ruling on her Objection and, thereby, obtain an extension of

3

time far greater than the September 9, 2009, date previously requested and denied.

Plaintiff contends that there is no reason to deny her more time to file her response because disallowing the additional time prejudices no one, except her. That is untrue. Defendant is entitled to a timely resolution of this matter, including the opportunity to proceed to trial, if necessary, on the scheduled date of January 18, 2010. And, contrary to Plaintiff's assertion that the Court has plenty of time to decide the summary judgment motion, the Court is, indeed, already pressed for time to rule before the scheduled trial date. Pursuant to the Civil Justice Expense and Delay Reduction Plan, the Court is required to make all reasonable efforts to issue its ruling on the summary judgment motion at least thirty (30) days before trial, which is December 18, 2009. Moreover, the Court must rule in sufficient time to give the parties a reasonable opportunity to prepare and file the documents required by Section VIII(A) and (B) of the Case Management Plan. Given that Defendant's motion is *still* not yet fully briefed, the demands of other business on the Court's docket, and the intervening holidays between now and the January 18 , 2010, trial date, the Magistrate Judge was absolutely correct when she observed that the time within which the Court will have to issue its ruling on Defendant's summary judgment is "already compressed."

Plaintiff has failed to oppose the Defendant's Motion for Summary Judgment with evidentiary material, and the deadline to have done so has passed. Accordingly, Defendant's motion, pursuant to Local Rule 7.1(b), for a summary ruling is granted. The factual assertions on which the Defendant's Motion for Summary Judgment is based and which are supported by the evidentiary record are accepted as true for the purpose of resolving that motion. Corder v. Lucent Technologies., Inc., 162 F.3d 924, 927 (7th Cir. 1998); Flaherty v. Gas Research Inst., 31 F.3d 451, 452 (7th Cir. 1994); Waldrigde v. American Hoechst Corp., 24 F.3d 918, 921-22 (7th Cir. 1994). A

separate ruling discussing Defendant's Motion for Summary Judgment will be issued in the near future.

In sum, Plaintiff's Objection to the Magistrate Judge's August 31, 2009, ruling filed at Docket No. 47, is **OVERRULED**, and Defendant's motion for a summary ruling on its dispositive motion filed at Docket No. 46 is **GRANTED**.

IT IS SO ORDERED.

Date: 09/23/2009

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Shellie Lynn Goetz
BAKER & DANIELS
shellie.goetz@bakerd.com

Edward E. Hollis
BAKER & DANIELS - Indianapolis
eehollis@bakerd.com

Michael C. Kendall
KENDALL LAW OFFICE
mckatlaw@aol.com