UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDITH A. STONE,               ) | |
|     *Plaintiff*,                ) | |
|                                ) | |
|     *vs*.                      ) | 1:08-cv-00810-SEB-JMS |
|                                ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., ) | |
|     *Defendant*.                ) | |
|                                ) | |

### ORDER

Presently before the Court is Plaintiff's Motion to Stay Proceeding Instanter Pending Appeal (the "Motion to Stay"). [Dkt. 65.][1] Plaintiff seeks a stay, pending appeal, of any attempt to collect the $1,063.51 that the Court taxed to Plaintiff as costs after entering judgment in Defendant's favor. [Dkt. 56.] Plaintiff also seeks (or more accurately, her attorney seeks) to stay proceedings on Defendant's motion for $56,237.50 in sanctions against Plaintiff's attorney for vexatious litigation, under 28 U.S.C. § 1927, until the Court of Appeals is able to render an opinion in the appeal on the merits. [Dkt. 57.]

The Court denies Plaintiff's motion with respect to staying the execution of the taxed costs. Plaintiff has elected "to throw [herself] on the district judge's discretion" to request a stay without a supersedeas bond (a bond which, if posted, would confer a statutory stay, Fed. R. Civ. Pro. 62(d)). *N. Ind. Pub. Serv. Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986). In this Circuit, a stay without a bond is generally appropriate when the "ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and—the opposite case…—where the requirement would put the [appellant's] other creditors in undue jeopardy."

---

[1] Because of the time-sensitive nature of Plaintiff's motion, the Court has not waited for Plaintiff's reply brief before issuing this ruling.

*Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986).  Plaintiff has not, however, come forth with any argument, much less evidence, of either kind.  Further, given the strength of the Defendant's summary judgment motion, the risks of reversal on appeal are *de minimis*, meaning that Plaintiff will likely have to pay these costs sooner or later.  Plaintiff's lack of cogent argument about "substantial prejudice" if she is required to pay the costs now cannot justify a departure from the expectation that stays without bonds are the exception, not the rule, *see* Fed. R. Civ. Pro. 62(d).  [Dkt. 65 ¶8.]  Nor does Plaintiff's assertion that a reversal in this case—as is true in every case—would render the costs moot.

The Court likewise declines to stay the proceedings relating to Defendant's motion for sanctions.  The Seventh Circuit generally expects district courts to expeditiously resolve fee requests so that an appeal over any fees awarded can be consolidated with the appeal on the merits.  *See Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980) ("[D]istrict courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible. Any party dissatisfied with the court's ruling may then file an appeal and apply to this court for consolidation with the pending appeal of the merits." (footnote omitted)).  Because Plaintiff offers no arguments in support of staying the sanctions proceedings other than Plaintiff's offer to stay the execution of the taxed costs, we must reject those arguments for the reasons cited above.  The Court will, of course, expeditiously schedule its consideration of the request for sanctions, to minimize any interference with the pending appeal.

The Motion to Stay is, therefore, **DENIED**.

Date: 01/12/2010

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Shellie Lynn Goetz
BAKER & DANIELS
shellie.goetz@bakerd.com

Edward E. Hollis
BAKER & DANIELS - Indianapolis
eehollis@bakerd.com

Michael C. Kendall
KENDALL LAW OFFICE
mckatlaw@aol.com